HAYNES AND BOONE, LLP
Elizabeth M. Weldon/Bar No. 0223452
  Elizabeth.Weldon@haynesboone.com
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
T: (949) 202-3000 | F: (949) 202-3001

Attorneys for Defendant
EINSTEIN BROS. BAGELS FRANCHISE
  CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BAGEL GENIUS, INC., a California corporation; SUPERWINGS, INC., a California corporation; WALEED MANSOUR, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>EINSTEIN BROS. BAGELS FRANCHISE CORPORATION, INC., a Colorado corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.   2:25-cv-10632<br><br>DEFENDANT EINSTEIN BROS. BAGELS FRANCHISE CORPORATION'S NOTICE OF REMOVAL OF ACTION (DIVERSITY – 28 USC §§ 1332 and 1441(a) & (b))<br><br>[Filed with Declaration of Matt Copenhaver in Support of Defendant Einstein Bros. Bagel Franchise Corporation's Notice of Removal] |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441(a) & (b), defendant Einstein Bros. Bagel Franchise Corporation ("Einstein"), by and through its undersigned counsel, hereby removes the above-entitled action filed in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, on the following grounds and in support of its removal of this action, Einstein states:

1. <u>Procedural History</u>.  On or about October 6, 2025, the Complaint in this action entitled *Bagel Genius, Inc. et al. v. Einstein Bros. Bagels Franchise Corporation, Inc., et al.*, bearing Case No. 25STCV29062 was filed in the Superior Court of the State of California for the County of Los Angeles ("State Court Action") by plaintiffs Bagel Genius, Inc., Superwings, Inc., and Waleed Mansour (collectively "Plaintiffs").  Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings and documents filed in the State Court Action or served on Defendant Einstein as of the date of this Notice of Removal are contained in **Exhibit 1, Tabs A-I** filed herewith.  A true and correct copy of the Complaint in the State Court Action is attached hereto as **Exhibit 1, Tab A** (the "Complaint").  In addition to the Complaint, all other pleadings and accompanying materials filed in the State Court Action and available online are attached hereto:

    a. The Civil Case Cover Sheet is attached as **Exhibit 1, Tab B**;

    b. The Summons is attached as **Exhibit 1, Tab C**;

    c. The Alternative Dispute Resolution Information Packet is attached as **Exhibit 1, Tab D**;

    d. The Notice of Case Assignment is attached as **Exhibit 1, Tab E**;

    e. The Notice of Case Management Conference is attached as **Exhibit 1, Tab F**;

    f. The Clerks Certificate of Service by Electronic Service is attached as **Exhibit 1, Tab G**;

g. The Proof of Personal Service is attached as **Exhibit 1, Tab H**; and

h. The Summons served on Einstein is attached as **Exhibit 1, Tab I**.

In the Complaint, Plaintiffs asserted causes of action against Einstein for: (1) Fraud; (2) Negligent Misrepresentation; (3) Intentional Concealment; (4) Breach of Contract; (5) Intentional Interference with Prospective Economic Advantage; (6) Conversion; (7) Violation of Corporations Code § 31300 et seq.; (8) Breach of the Implied Covenant of Good Faith and Fair Dealing; (9) Violation of Business and Professions Code § 17200 et seq.; and (10) Rescission.

2. <u>Timeliness of Removal</u>.  The Complaint was personally served on Einstein's registered agent for service of process in Colorado on October 9, 2025. [Exhibit 1, Tab H.]  This notice of removal is being filed within thirty days after initial receipt by Einstein of a copy of the complaint and is therefore timely pursuant to 28 U.S.C. § 1446(b).

3. <u>Jurisdiction</u>.  This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 (diversity jurisdiction), and is and is one that Einstein may remove to this Court pursuant to the provisions of 28 U.S.C. §§ 1332(a)(1-3), 1441(a) & (b), and 1446 in that it is a civil action between citizens of different States, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and Einstein is not a citizen of California.

4. <u>Diversity of Citizenship</u>.  Complete diversity of citizenship exists because this is a controversy is between citizens of different States.

    a. Plaintiff Bagel Genius, Inc. identifies itself in the Complaint, at the time it commenced the State Court Action, as a California corporation with its principal place of business in Los Angeles County, California. [Exhibit 1, Tab A, ¶ 1.] Accordingly, Plaintiff Bagel Genius, Inc. was at the time it commenced the State Court Action, and still is, a citizen of the State of California.

b. Plaintiff Superwings, Inc. identifies itself in the Complaint, at the time it commenced the State Court Action, as a California corporation with its principal place of business in Los Angeles County, California. [Exhibit 1, Tab A, ¶ 2.] Accordingly, Plaintiff Superwings, Inc. was at the time it commenced the State Court Action, and still is, a citizen of the State of California.

a. Plaintiff Waleed Mansour identifies himself in the Complaint, at the time he commenced the State Court Action, as an individual "living in California and working in Los Angeles County." [Exhibit 1, Tab A, ¶ 3.] Accordingly, Plaintiff Waleed Mansour was at the time he commenced the State Court Action, and still is, a citizen of the State of California.

b. Defendant Einstein is, and at the time Plaintiffs commenced the State Court Action was, a corporation organized under the laws of the State of Colorado [Exhibit 1, Tab A, ¶ 4.] with its principal place of business in Denver, Colorado. [Declaration of Matt Copenhaver in Support of Defendant Einstein Bros. Bagel Franchise Corporation's Notice of Removal ¶ 3.] Accordingly, Defendant Einstein was at the time Plaintiffs commenced the State Court Action, and still is, a citizen of the State of Colorado and is not a citizen of the State of California.

As of the filing of this Notice of Removal, the online docket for the State Court Action in the Superior Court of the State of California for the County of Los Angeles does not reflect that any other defendant has been named in the State Court Action or served with the Complaint, and Einsteins is not aware of any other defendant being named in the State Court Action or served with the Complaint.

Based on the foregoing, complete diversity of citizenship exists in this matter because Plaintiffs are citizens of a different State than Einstein and Einstein is not a citizen of the State of California. *See* 28 U.S.C. §§ 1332(a)(1-3), 1441(a) & (b).

5. <u>Amount in Controversy</u>. This is a civil action in which the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. Plaintiffs assert that alleged actions by Einstein resulted in losses of "over $5 million." [Exhibit 1, Tab A, ¶ 17.] Plaintiffs also claim that Einstein is allegedly "holding $142,049.61 in loyalty revenues received but meant for [Plaintiff] Bagel Genius, Inc." [*Id*., ¶ 22.] In addition, Plaintiffs seek to recover their attorneys' fees and costs. [*Id*., at Prayer for Relief.] Although Einstein disputes that the Plaintiffs suffered any damages attributable to any act or omission by Einstein, the amount in controversy exceeds $75,000.

6. <u>Removal Venue and Assignment</u>. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), removal to the United States District Court for the Central District of California is proper because Plaintiffs filed this action being removed in the Superior Court of California, County of Los Angeles, which is within this district. Assignment to the Western Division of the Central District of California is proper because the State Court Action was filed in Los Angeles County and because the Plaintiffs alleged they either reside in and/or have their principal place of business in Los Angeles Country, which is in the Western Division of the Central District of California. [Exhibit 1, Tab A, ¶ 7.] Also, pursuant to the questions on the Civil Case Cover Sheet, concurrently submitted with this notice, this matter is to be initially assigned to the Western Division.

7. <u>Copy of the State Court File</u>. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings and documents filed in the State Court Action or served on Einstein as of the date of this Notice of Removal are contained in Exhibit 1, Tabs A-I filed herewith.

8. <u>Notice to State Court and Plaintiffs</u>.  Pursuant to 28 U.S.C. § 1446(d), Einstein, through its counsel, will promptly serve Plaintiffs with a written "Notice to Court and Adverse Parties of Filing of Notice of Removal to Federal Court" and file a copy of that notice with the Superior Court, which will also give the State Court Clerk notice of this Notice of Removal.  Pursuant to Federal Rules of Civil Procedure 5(d), Einstein will also file with this Court a "Certificate of Service of Notice to Court and Adverse Parties of Filing of Notice of Removal to Federal Court."

9. <u>Conclusion</u>.  Einstein submits this Notice of Removal without waiving any defenses to Plaintiffs' claims or conceding that the Complaint has any basis in law or fact.  If the Court has any questions about removal of this action, Einstein respectfully requests the opportunity to make further submissions concerning subject matter jurisdiction.

WHEREFORE, Einstein respectfully removes the State Court Action from the Superior Court of California, County of Los Angeles to this Court as provided by the law governing the removal of cases to this Court under 28 U.S.C. §§ 1332, 1441, and 1446.  Einstein respectfully requests that this Court take such steps as are necessary to achieve the removal of this matter to this Court from the Superior Court of California, County of Los Angeles and that this Court make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been had in the State Court Action.

Date: November 5, 2025                             HAYNES AND BOONE, LLP

By:  */s/ Elizabeth M. Weldon*
       Elizabeth M. Weldon
       Attorneys for Defendant
       EINSTEIN BROS. BAGELS
       FRANCHISE CORPORATION

DEFENDANT EINSTEIN BROS. BAGELS FRANCHISE CORPORATION'S
NOTICE OF REMOVAL OF ACTION

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. I am employed with the law offices of Haynes and Boone, LLP and my business address is 600 Anton Blvd., Suite 700, Costa Mesa, California 92626.

On November 5, 2025, I served the foregoing document, entitled **DEFENDANT EINSTEIN BROS. BAGELS FRANCHISE CORPORATION'S NOTICE OF REMOVAL OF ACTION (DIVERSITY – 28 USC §§ 1332 and 1441(a) & (b))** on the interested parties in this action by serving a true copy thereof on the individuals below, as indicated:

| | |
|---|---|
| Resolute, APC<br>Jessica S. Pliner<br>jessica@resoluteapc.com<br>Eleno Nunez Gonzalez<br>eleno@resoluteapc.com<br>One Embarcadero Center, Suite 1200<br>San Francisco, CA  94111<br>Tel: (415) 843-5487 | Attorneys for Waleed Mansour; SuperWings, Inc.; and Bagel Genius, Inc. |

☒ **BY ELECTRONIC FILING.** I caused such document(s) to be electronically filed and served through the United States District Court's CM/ECF System for the within action. This service complies with the Federal Rules of Civil Procedure. The file transmission was reported as complete and a copy of the Court's Notice of Electronic Filing will be maintained with the original

☒ **(BY ELECTRONIC SERVICE)** I served a true and correct copy of the foregoing document by electronic delivery to the interested parties in this action as indicated above.

☒ **(BY FEDERAL EXPRESS-OVERNIGHT DELIVERY)** I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice, such document was deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day, with delivery fees paid or provided for, in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 5, 2025, at Costa Mesa, California.

*/s/ Diana Gilkey*
Diana Gilkey