# EXHIBIT 1

# EXHIBIT 1 INDEX


| | |
|---|---|
| *TAB A* | Complaint |
| *TAB B* | Civil Case Cover Sheet |
| *TAB C* | Summons |
| *TAB D* | Alternative Dispute Resolution Information Packet |
| *TAB E* | Notice of Case Assignment |
| *TAB F* | Notice of Case Management Conference |
| *TAB G* | Clerk's Certificate of Service by Electronic Service |
| *TAB H* | Proof of Personal Service |
| *TAB I* | Summons served on Einstein |

# TAB A

**RESOLUTE, APC**
Jessica S. Pliner (SBN 261976)
Jessica@Resoluteapc.com
Eleno Nunez Gonzalez (SBN 332555)
Eleno@Resoluteapc.com
One Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: 415.843.5487

Attorneys for Plaintiffs,
BAGEL GENIUS, INC., SUPERWINGS, INC.,
And WALEED MANSOUR

**Electronically FILED by Superior Court of California, County of Los Angeles 10/06/2025 9:00 AM David W. Slayton, Executive Officer/Clerk of Court, By Y. Ayala, Deputy Clerk**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| BAGEL GENIUS, INC., a California corporation; SUPERWINGS, INC., a California corporation, WALEED MANSOUR, an individual<br><br>Plaintiffs,<br><br>v.<br><br>EINSTEIN BROS. BAGELS FRANCHISE CORPORATION, INC. a Colorado corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 25STCV29062<br><br>**COMPLAINT FOR DAMAGES, RESCISSION, DECLARATORY AND INJUNCTIVE RELIEF**<br><br>1. Fraud<br>2. Negligent Misrepresentation<br>3. Intentional Concealment<br>4. Breach of Contract<br>5. Intentional Interference with Prospective Economic Advantage<br>6. Conversion<br>7. Violation of Corporations Code § 31300 *et seq*.<br>8. Breach of the Implied Covenant of Good Faith and Fair Dealing<br>9. Violation of Business and Professions Code § 17200 *et seq.*<br>10. Rescission<br><br>Complaint Filed: October 3, 2025<br>Trial Date: Not Yet Set |

**PARTIES AND JURISDICTION**

1. Plaintiff Bagel Genius, Inc. is a California corporation with its principal place of business in Los Angeles County, California.

2. Plaintiff SuperWings, Inc. is a California corporation with its principal place of business in Los Angeles County, California.

3. Plaintiff Waleed Mansour is an individual living in California and working in Los Angeles County. Mr. Mansour has experience operating franchise restaurants in California.

4. Plaintiffs are informed and believe and thereon allege that Defendant Einstein Bros. Bagels Franchise Corporation, Inc. ("Defendant" or "EBB") is a Colorado corporation authorized to do business in California and is a Franchisor, conducting business with franchisees in California.

5. The true names and capacities of Defendants sued as DOES 1 through 50 are unknown to Plaintiffs, who will amend this Complaint when their identities are ascertained.

6. Plaintiffs are informed and believe and thereon allege that, At all times material to the allegations herein, each of the Defendants, including those fictitiously named as DOES 1 through 50, inclusive, functioned as the agent, servant, partner, employee, co-conspirator, alter-ego, and/or was working in concert with the other co-Defendants and acted within the course and scope of such agency, partnership, employment and/or concerted activity in regard to the events forming the basis of this Complaint. To the extent that certain acts and omissions were perpetrated by a certain Defendant, Plaintiffs are informed and believe that each remaining Defendant confirmed and ratified said acts and omissions of the acting Defendant, and in doing the actions mentioned below was acting within the course and scope of his, her, or its authority as such agent, servant, partner, and employee, with the permission, consent, and notification of the other Defendants. Plaintiffs are therefore informed and believe and based thereon allege that all of the Defendants' acts alleged herein were done with the permission, consent, and approval of each and every one of the other Defendants.

7. Jurisdiction and Venue are proper in this Court because the events giving rise to this action occurred in Los Angeles County and Plaintiffs reside in and have their principal place of business in Los Angeles County. Defendant has purposely availed

itself of the benefits of California; the controversy is related to and arises out of its acts in entering into agreements with Plaintiffs, franchisees in California and its acts after entering into the agreements which have impacted Plaintiffs and Defendant committed torts in this County and caused tortious injury to Plaintiffs, through acts committed both inside and outside this County. Additionally, the Legislature has expressly declared that enforcement of a forum selection clause in a franchise agreement that attempts to restrict the venue for a claim arising under the agreement to a location outside of California when the franchise business is operating within the state. (California Business and Professions Code § 20040.5.) The California Supreme Court has made clear that a contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, when declared by statute, as is the case here. (*EpicentRx, Inc. v. Sup. Ct.* (2025) 18 Cal.5th 58, 75.)

## GENERAL ALLEGATIONS

8. Plaintiffs entered into franchise and development agreements with Defendant for the operation of Einstein Bros. Bagels locations in Los Angeles County and in Northern California. Specifically, SuperWings, through its officer, Mr. Mansour, entered into an area development agreement (ADA) with EBB around February 1, 2023, based on financial performance representations made by EBB.

9. Prior to entering into the ADA, an EBB representative in charge of franchise sales, Patricia Perry, in course and scope of her employment with EBB, told Mansour the following at a national restaurant conference:

- ***EBB restaurants in California had the highest sales revenue than any other state***;
- ***Any new EBB restaurant in California would achieve at least $1 million in annual sales revenue***; ***and***
- ***Lenders are "guaranteed" to finance development of 30 to 40 franchised EBB restaurants in California***.

10. Ms. Perry's statements are "financial performance representations" or "FPRs" and a franchisor must have a reasonable basis for making an FPR. FPRs may only be made in writing in a Franchise Disclosure Document ("FDD"), nowhere else. Einstein's FDD did not contain the FPR Ms. Perry made to Mr. Mansour at the conference. That did not stop Ms. Perry from repeating it to Mr. Mansour and his team multiple times. Her FPRs violated federal and state franchise laws. They were false and without any reasonable basis, despite the fact she purported to have special knowledge about the basis for these representations and that she held herself out as possessing superior knowledge about EBB franchisee's stores' revenues.

11. Ms. Perry's comments about annual sales revenue of $1 million signaled to Mr. Mansour a specific profitability benchmark known within the Quick Service Restaurant industry and by Ms. Perry. While annual sales revenue under $1 million presents a greater risk of unprofitability, sales of or exceeding $1 million are more certain indicators of profit between $200,000 to $300,000 annually per restaurant. Having successfully applied financing to develop large quantities of franchised units for other brands, Mansour was also aware that lenders will not finance development of franchised restaurants unless weekly sales exceed $20,000, or $1 million annualized as Ms. Perry represented. When Ms. Perry indicated that EBB would offer Mr. Mansour development rights for 40 restaurants, he reasonably understood Ms. Perry to be saying, knowingly and intentionally, that the vast majority of them would yield annual profit of $200,000 to $300,000 per restaurant.

12. Ms. Perry's comments about lenders being guaranteed to finance the development of EBB restaurants at that level of performance made sense to Plaintiffs. An insufficient quantity of franchised EBB restaurants in California would not unlock financing to develop Mr. Mansour's EBB restaurants right away. But as a winning multi-unit restaurant developer with experience developing and financing development of franchised restaurants, Mr. Mansour could personally absorb the initial investment of building out and operating the first 5 to 10 EBB restaurants until they reached the

represented profitability levels that attract lenders to fund development of EBB's remaining quota.

13. Then EBB, through Ms. Perry, doubled down on the false FPRs. Prior to signing individual franchise agreements for each location:

- Ms. Perry sent Mr. Mansour a spreadsheet reviewing sites that Mr. Mansour had submitted to EBB. The projected sales forecasts were higher, at $1.2 million to $1.4 million each.
- Ms. Perry repeated the same FPR to Mr. Mansour and several others on his team during site tours, multiple times.
- After completing site tours, Ms. Perry presented yet another written projection at Mr. Mansour's office to him and his team, that projected annual sales revenues for 10 potential restaurant sites that Mr. Mansour submitted for approval. It promised even higher revenue projections, most ranging from $1.1 million to $1.6 million annual sales revenue at the submitted sites. One site in Redondo Beach (eventually the second EBB restaurant Mr. Mansour would develop and open) projected close to $2 million annual sales revenue. Mr. Mansour received a hard copy from EBB.

14. EBB's presentation persuaded Mr. Mansour to sign multiple franchise agreements, acquire an existing restaurant in Studio City from a retiring owner, and absorb development costs for the initial EBB restaurants personally, with the prospect of profitability between $200,000 to $300,000 per restaurant and financing to fund the cost of remaining development. In reliance on achieving this profit benchmark per store, Mr. Mansour incurred over $5 million in out-of-pocket costs to build six restaurants.

15. The ADA required Mr. Mansour to open and operate 40 standalone EBB franchise restaurants in California, and subsequently, seven franchise agreements for EBB restaurants. Mr. Mansour opened six such restaurants in accordance with the

development obligation. No EBB restaurant projects to come anywhere close to $1 million annually, which would still be less than EBB represented in its FPRs. Each and every EBB restaurant has performed considerably below the sales projections EBB provided.

16. Lending opportunities that EBB assured Mr. Mansour would finance his development obligation are non-existent due to the underperforming EBB restaurants developed to date. In April 2025, Mr. Mansour's lender on his existing portfolio of restaurants advised it would not fund development of any EBB restaurants due to lower revenues than Einstein's FPRs projected.

17. EBB's projections misled Mr. Mansour to invest millions in the development of underperforming restaurants. At this point, it is expected that it will take decades to recover Mansour's investment in the restaurants he developed. Mr. Mansour's losses from investment in the ADA and EBB's brand could have been limited to the $400,000 development fee. Mansour would not have developed any EBB restaurants had he known EBB's oral FFRs were false or unlawful. Instead, Ms. Perry doubled down on defrauding Mansour and violating FPR disclosure rules, with a written projection of future performance at submitted sites that was false, without a reasonable basis, and required to be disclosed in Franchisor's FDDs. Mr. Mansour's damages from the subsequent false projection representations expanded a $400,000 loss to over $5 million.

18. Mr. Mansour approached EBB and shared the written presentation from Ms. Perry with Einstein's Chief Development Officer, and managing agent, Matt Copenhaver. With apparent concern over the legal implications of Ms. Perry's unlawful projections to Mansour, Mr. Copenhaver assured Mr. Mansour that EBB would respond to a proposal Mr. Mansour made for termination of the ADA and sale of the EBB restaurants back to EBB, at a considerable loss, that would allow Mr. Mansour to exit the EBB restaurants and system. Mr. Copenhaver then reversed course, ratifying Ms. Perry's conduct.

19. Plaintiffs issued a Notice of Rescission of those agreements on May 16, 2025. Plaintiffs and Defendant engaged in prelitigation mediation, pursuant to the provision in those agreements but were unable to reach a resolution of their disputes. Plaintiffs and Defendant also entered into a valid and enforceable tolling agreement and amendment to same, tolling the running of any statutory statutes of limitations or repose, contractual limitations periods, or any other defenses based on the passage of time that may apply to Plaintiffs' claims arising out of the factual allegations in the Rescission Notice from July 31, 2025, through October 31, 2025.

20. Because Defendant has failed to accept the rescission, Plaintiffs have no choice but to file the instant action to ask the Court to confirm the rescission of the Development Agreement and the Franchise Agreements pursuant to Cal. Civ. Code § 1692, and to seek recovery for Defendant's fraud, conversion, interference and other causes of action.

21. Aside from Defendant's fraudulent inducement and concealment, it has engaged in other tortious conduct, proximately causing harm to Plaintiffs.

22. As part of the ADA, Mansour's company Bagel Genius, Inc. opened an EBB restaurant at 2260 S. Azusa Ave. Suite A, in West Covina, CA 91792. Recently, with no regard for its obligations in the ADA and Bagel Genius Inc.'s franchise agreement for the West Covina store, EBB established and licensed another franchisee to open a restaurant in Walnut, Ca, in the development area, which EBB understood would result in irreparable injury. The proximity of the restaurants is outrageous given the "wide spaces" condition in California with respect to EBB restaurants and the easily avoidable market saturation by placing another franchisee's restaurant in the same territory. Plaintiffs allege that on information and belief, EBB intentionally failed to prepare an impact report for the Walnut store.

23. EBB also collected funds designated for Bagel Genius, Inc. through its loyalty program, where customers use gift cards to pay for products, and then the funds are reimbursed to the franchisee. The company that handles the loyalty funds

sent the money meant for Bagel Genius, Inc. to EBB and told EBB to remit it to Bagel Genius, Inc. Bagel Genius, Inc. has repeatedly requested the funds from EBB, and EBB has refused to provide it, while collecting its royalties based on the loyalty card revenues Bagel Genius, Inc. was supposed to have received. Bagel Genius, Inc. is informed and believes and alleges that EBB is holding $ 142,049.61 in loyalty revenues received but meant for Bagel Genius, Inc., not including interest.

23. As a result of EBB's conduct alleged herein, Plaintiffs suffered significant financial losses, lost profits and missed investment opportunities, reputational harm, and disruption of prospective business relationships.

**First Cause of Action – Fraud**

**(Brought by all Plaintiffs against Defendant and DOES 1-50.)**

24. Plaintiffs reallege and incorporate by reference all foregoing paragraphs as though fully set forth herein.

25. The California Franchise Investment Law, (Cal. Corps. Code §§ 31000, *et seq.*) was enacted to "provide each prospective franchisee with the information necessary to make an intelligent decision regarding franchises being offered" and to "prohibit the sale of franchises where the sale would lead to fraud or a likelihood that the franchisor's promises would not be fulfilled." Use of a franchise disclosure documents in California must meet both federal FTC Franchise Rule requirements and additional state-mandated disclosures to prospective franchisee. See Cal. Code Regs. tit. 10, § 310.111.

26. The FTC Franchise Rule (16 C.F.R. 436) prohibits franchisors from making FPRs or earnings claims unless they have a reasonable basis and provide substantiating data in the prospectus or FDD. FPRs must have a "reasonable basis" and written substantiation at the time they are made. A "reasonable basis" means that written factual information in the franchisor's possession must reasonably support the representation as it would be understood by a reasonable prospective franchisee. On information and belief, EBB has no reasonable basis for the FPRs Ms. Perry repeatedly

made to Plaintiffs, and she knew or should have known that her statements were false.

27. EBB also violated California Corporations Code Section 31301when its authorized agent knowingly made written and oral false representations regarding franchise profitability and financing availability as set forth herein and intended Plaintiffs to rely on these representations.

28. Ms. Perry made false and unlawful written and oral communications to Waleed Mansour and Bagel Genius, Inc., regarding financial performance representations in connection with the offer or sale of a franchise, which included untrue statements of material facts and when she omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

29. Plaintiffs reasonably relied on the representations.

30. Plaintiffs suffered damages as a result.

**Second Cause of Action – Negligent Misrepresentation**

**(Brought by all Plaintiffs against Defendant and DOES 1-50.)**

31. Plaintiffs reallege and incorporate by reference all foregoing paragraphs as though fully set forth herein.

32. Defendant represented the facts described herein as true without reasonable grounds, (or a reasonable basis, as both the federal and California franchise law requires) for believing them to be true. On information and belief, Plaintiffs allege that Defendant's historical revenue data to be obtained through discovery will easily demonstrate that Defendant had no reasonable basis to believe the representations to be true.

33. Defendant intended Plaintiffs to rely on these representations.

34. Plaintiffs reasonably relied upon the misrepresentations and suffered harm and damages as a result.

**Third Cause of Action – Intentional Concealment**

**(Brought by all Plaintiffs against Defendant and DOES 1-50.)**

35. Plaintiffs reallege and incorporate by reference all foregoing paragraphs as though fully set forth herein.

36. Defendant concealed material facts regarding prior franchise failures, franchise revenues and financing availability based on the revenues. On information and belief, Plaintiffs allege that Defendant's historical revenue data to be obtained through discovery will easily demonstrate that Defendant had no reasonable basis to believe the representations to be true.

37. Defendant had a duty to disclose these material facts.

38. Defendant intended to deceive Plaintiffs.

39. Plaintiffs would have acted differently had they known the concealed facts.

40. Plaintiffs suffered damages as a proximate result of Defendant's concealment.

**Fourth Cause of Action – Breach of Contract**

**(Brought by all Plaintiffs against Defendant and DOES 1-50.)**

41. Plaintiffs reallege and incorporate by reference all foregoing paragraphs as though fully set forth herein.

42. Plaintiffs and Defendant entered into valid written contracts.

43. Plaintiffs performed all obligations under the contracts or were excused from performance.

44. Defendant breached the contracts by failing to provide promised support, misrepresenting material facts, and failing to deliver supplies.

45. Plaintiffs suffered damages as a direct result of Defendant's breach.

**Fifth Cause of Action – Intentional Interference with Prospective Economic Advantage**

**(Brought by all Plaintiffs against Defendant and DOES 1-50.)**

46. Plaintiffs reallege and incorporate by reference all foregoing paragraphs as though fully set forth herein.

resolute APC

47. Plaintiffs had prospective economic relationships with customers, vendors, and potential franchise partners.

48. Defendant knew of these relationships.

49. Defendant engaged in wrongful conduct, including misrepresentations and concealments, breach of the franchise and development agreements and violating the unfair competition law, intending to disrupt these relationships.

50. Defendant's acts including but not limited to its violations of the Corporation Code alleged above and also with respect to granting a license to a franchisee to open in Walnut, near the West Covina store, without an impact study, were independently wrongful and proximately caused interference with Plaintiffs' prospective business advantage.

51. Plaintiffs' relationships were disrupted as a result, causing them economic harm.

**Sixth Cause of Action – Conversion**

**(Brought by Bagel Genius, Inc. against Defendant and DOES 1-50.)**

52. Plaintiffs reallege and incorporate by reference all foregoing paragraphs as though fully set forth herein.

53. Bagel Genius has an ownership right in the loyalty card and non-loyalty customer program proceeds.

54. Defendant wrongfully retained Bagel Genius's proceeds after notification, inconsistent with Bagel Genius's Inc.'s rights.

55. Bagel Genius, Inc. is entitled to its resulting damages including interest.

**Seventh Cause of Action**

**Violation of California Corporations Code Section 31000 *et. seq.***

**(Brought by all Plaintiffs against Defendant and DOES 1-50.)**

56. Plaintiffs reallege and incorporate by this reference all prior allegations set forth above as if fully set forth herein.

57. Einstein Bros. Bagels Franchise Corporation is a franchisor under the

laws of the State of California.

58. Plaintiffs are franchisees under California Corporations Code section 31006.

59. Defendant's business model and mode of operation is in fact a franchise as defined under California Corporations Code Section 31005 in that Defendant granted Plaintiffs a putative business opportunity to offer, sell, and distribute goods and services under pre-designed marketing plans, the business opportunity was substantially associated with a trademark, trade name, and other commercial symbols owned by Defendant, and Defendant collected franchise fees from Plaintiffs.

60. Defendant violated California Corporations Code Section 31301, through its employee and authorized agent, Patrica Perry, when on or about November 2022 through November 2023, Perry made written and oral false representations to Plaintiffs about financial performance and financing availability in connection with the offer or sale of a franchise which included untrue statements of material facts and when it omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

61. Defendant's violation of California Corporations Code 31201 is a violation of California Corporations Code section 31301 because Plaintiffs relied on Defendant's misrepresentations in executing the Agreements, and Plaintiffs were unaware of the facts concerning the untruths and the omissions.

62. Plaintiffs did not know and had no reason to believe that the statements were false or misleading at the time they were made.

63. Plaintiffs relied on these statements in deciding to enter the ADA and purchase the franchises from Defendant.

**Eighth Cause of Action**

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

**(Brought by all Plaintiffs against Defendant and DOES 1-50.)**

resolute APC

64. Plaintiffs reallege and incorporate by reference all foregoing paragraphs as though fully set forth herein.

65. Plaintiffs and Defendant entered into a valid and enforceable contract.

66. Plaintiffs did all, or substantially all, of the significant things the contract required them to do, or was excused from doing those things.

67. All conditions required for Defendant's performance had occurred or were excused.

68. Defendant engaged in the conduct alleged herein, that unfairly interfered with Plaintiff's' right to receive the benefits of the contract.

69. Defendant's conduct was not fair and in good faith.

70. Plaintiffs were harmed by Defendant's conduct and suffered damages as a result.

**Ninth Cause of Action**

**Violation of Business and Professions Code § 17200 *et seq.***

**(Brought by all Plaintiffs against Defendant and DOES 1-50.)**

71. Plaintiffs reallege and incorporate by reference all foregoing paragraphs as though fully set forth herein.

72. Defendant engaged in unlawful, unfair, and fraudulent business practices, including: breach of contract, fraudulent and negligent misrepresentations, and concealment of material facts as alleged herein.

73. These fraudulent practices are likely to deceive the public and caused economic injury to Plaintiffs.

74. Plaintiffs seek restitution, injunctive relief, and attorneys' fees.

**Tenth Cause of Action – Rescission**

**(Brought by all Plaintiffs against Defendant and DOES 1-50.)**

75. Plaintiffs reallege and incorporate by reference all foregoing paragraphs as though fully set forth herein.

76. This action is authorized by Civil Code Sec. 1692, which states in relevant

part: "When a contract has been rescinded in whole or in part, any party to the contract may seek relief based upon such rescission by (a) bringing an action to recover any money or thing owing to him by any other party to the contract as a consequence of such rescission or for any other relief to which he may be entitled under the circumstances[.]"

77. Civil Code Section 1689(b) authorizes the rescission of a contract based on fraud, illegality, failure of consideration and under the circumstances provided for under any other statute providing for rescission.

78. Defendant's violations of the Corporations code, described above, also permit rescission. CFIL § 31300. The volitional act of selling a franchise is a willful violation. Section 31300 does not require that the defendant knowingly violate the law.

79. As set forth above, Defendant's conduct justifies rescission of the Agreements.

80. Plaintiffs provided Defendant notice and an opportunity to cure its breaches, which it indisputably failed to do.

81. As an alternative to rescission, the ADA and Franchise agreements should be reformed as required by law or equity.

## PRAYER FOR RELIEF

1. For general and special damages according to proof;
2. For restitution of monies wrongfully obtained;
3. For injunctive relief prohibiting further unfair business practices;
4. For Restitutionary damages;
5. For Rescission, or alternatively, reformation;
6. For Declaratory Relief as to the controversy between Plaintiffs and Defendant;
7. For Prejudgment Interest;
8. For attorneys' fees and costs; and

9. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Date: October 3, 2025

**RESOLUTE, APC**

Jessica S. Pliner
Eleno Nunez Gonzalez
Attorneys for Plaintiffs

# TAB B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jessica S. Pliner (SBN 261976)/Eleno Nunez Gonzalez (SBN 332555)<br>Resolute, APC One Embarcadero Center, Suite 1200 San Francisco, CA 94111<br>TELEPHONE NO.: 415.843.5487 FAX NO. :<br>EMAIL ADDRESS: Jessica@Resoluteapc.com/Eleno@Resoluteapc.com<br>ATTORNEY FOR *(Name):* BAGEL GENIUS, INC., SUPERWINGS, INC., WALEED MANSOUR | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Stanley Mosk Courthouse | |
| CASE NAME:<br>BAGEL GENIUS, INC., et al. v. EINSTEIN BROS. BAGELS FRANCHISE CORPORATION | |
| **CIVIL CASE COVER SHEET**<br>[X] **Unlimited** (Amount demanded exceeds $35,000) [ ] **Limited** (Amount demanded is $35,000 or less)<br>**Complex Case Designation**<br>[ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [X] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: 10
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/3/2025
Jessica S. Pliner
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bagel Genius v. Einstein Bagel Bros. | |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action (check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bagel Genius v. Einstein Bagel Bros. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☑ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bagel Genius v. Einstein Bagel Bros. | |

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Contract (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation Number of Parcels ________ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| Judicial Review | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bagel Genius v. Einstein Bagel Bros. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Bagel Genius v. Einstein Bagel Bros. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS: 2323 W. Manchester Blvd. Ste A, Inglewood, CA |
|---|---|---|---|
| CITY: Inglewood | STATE: CA | ZIP CODE: 90305 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ~~xxxxxxxxxxx~~ Central District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 10/03/2025

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

# TAB C

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by Superior Court of California, County of Los Angeles 10/06/2025 9:00 AM David W. Slayton, Executive Officer/Clerk of Court, By Y. Ayala, Deputy Clerk**

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
EINSTEIN BROS. BAGELS FRANCHISE CORPORATION, INC. a Colorado corporation; and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
BAGEL GENIUS, INC., a California corporation; SUPERWINGS, INC., a California corporation, WALEED MANSOUR, an individual.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk
111 North Hill Street Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
25STCV29062

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jessica S. Pliner One Embarcadero Center, Suite 1200 San Francisco, CA 94111 Tel: 415.843.5487

DATE: 10/3/2025 10/06/2025
*(Fecha)*

Clerk, by David W. Slayton, Executive Officer/Clerk of Court Y. Ayala, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* EINSTEIN BROS. BAGELS FRANCHISE CORPORATION, INC.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*:

# TAB D

*Superior Court of California, County of Los Angeles*

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.
- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.
- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.
- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

# TAB E

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | FILED<br>Superior Court of California<br>County of Los Angeles<br>10/06/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: Y. Ayala Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>25STCV29062 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Colin Leis | 74 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record David W. Slayton, Executive Officer / Clerk of Court

on 10/06/2025 (Date) By Y. Ayala, Deputy Clerk

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# TAB F

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | FILED Superior Court of California County of Los Angeles 10/15/2025 David W. Slayton, Executive Officer / Clerk of Court By: C. Lam Deputy |
| PLAINTIFF: BAGEL GENIUS, INC., a California corporation et al | |
| DEFENDANT: EINSTEIN BROS. BAGELS FRANCHISE CORPORATION, INC. a | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 25STCV29062 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 05/07/2026 | Time: 8:30 AM | Dept.: 74 |
|---|---|---|

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 10/15/2025

Colin Leis
Judicial Officer

**CERTIFICATE OF SERVICE** Colin Leis / Judge

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Jessica Pliner
One Embarcadero Center, Suite 1200
San Francisco, CA 94111

David W. Slayton, Executive Officer / Clerk of Court

Dated: 10/15/2025

By C. Lam
Deputy Clerk

# TAB G

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | FOR COURT USE ONLY |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | FILED<br>Superior Court of California<br>County of Los Angeles<br>10/15/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: C. Lam Deputy |
| PLAINTIFF(S)/PETITIONER(S):<br>BAGEL GENIUS, INC., a California corporation et al | |
| DEFENDANT(S)/RESPONDENT(S):<br>EINSTEIN BROS. BAGELS FRANCHISE CORPORATION, INC. a Colorado corporation | |
| **CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE** | CASE NUMBER:<br>25STCV29062 |

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Notice of Case Management Conference of 10/15/2025**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Pliner, Jessica" <jessica@resoluteapc.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012.

Dated: 10/15/2025

David W. Slayton, Executive Officer / Clerk of Court

By: C. Lam
Deputy Clerk

# TAB H

| Attorney or Party without Attorney: Jessica S. Pliner (SBN 261976)<br>RESOLUTE, APC<br>One Embarcadero Center SUITE 1200<br>San Francisco, CA 94111<br>Telephone No:<br>Attorney For: Plaintiffs, BAGEL GENIUS, INC., SUPERWINGS, INC., And WALEED MANSOUR | Ref. No. or File No.: EINSTEIN | For Court Use Only<br><br>**Electronically FILED by Superior Court of California, County of Los Angeles 10/14/2025 10:32 AM David W. Slayton, Executive Officer/Clerk of Court, By M. Saxon, Deputy Clerk** |
|---|---|---|
| Insert name of Court, and Judicial District and Branch Court: SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES | | |
| Plaintiff: BAGEL GENIUS, INC., a California corporation; et al.<br>Defendant: EINSTEIN BROS. BAGELS FRANCHISE CORPORATION, INC. a Colorado corporation | | |

| PROOF OF SERVICE SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number: 25STCV29062 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; ADR INFORMATION PACKAGE

3. *a. Party served:* EINSTEIN BROS. BAGELS FRANCHISE CORPORATION, INC. a Colorado corporation
   *b. Person served:* Cole Stender, authorized to accept service for CSC, Registered Agent for Service of Process.

4. *Address where the party was served:* 1900 West Littleton Boulevard, Littleton, CO 80120

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Thu, Oct 09 2025 (2) at *(time)*: 09:04 AM
   (1) [X] **(business)**
   (2) [ ] **(home)**
   (3) [ ] **(other)** :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: EINSTEIN BROS. BAGELS FRANCHISE CORPORATION, INC. a Colorado corporation
   under the following Code of Civil Procedure section:
   [X] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [ ] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [ ] other:
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)

| | | |
|---|---|---|
| *Plaintiff:* | BAGEL GENIUS, INC., a California corporation; et al. | *Case Number:* 25STCV29062 |
| *Defendant:* | EINSTEIN BROS. BAGELS FRANCHISE CORPORATION, INC. a Colorado corporation | |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Brian Olds
   b. Address: **FIRST LEGAL**
      1939 HARRISON STREET, SUITE 818
      OAKLAND, CA 94612
   c. Telephone number: (415) 626-3111
   d. **The fee** for service was: 327.32
   e. I am:
      (1) [X] not a registered California process server.
      (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
      (3) [ ] a registered California process server:
         (i) [ ] owner [ ] employee [ ] independent contractor
         (ii) Registration No:
         (iii) County:

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

10/09/2025
*(Date)*

*Brian Olds*

# TAB I

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by Superior Court of California, County of Los Angeles 10/06/2025 9:00 AM David W. Slayton, Executive Officer/Clerk of Court, By Y. Ayala, Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
EINSTEIN BROS. BAGELS FRANCHISE CORPORATION, INC. a Colorado corporation; and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
BAGEL GENIUS, INC., a California corporation; SUPERWINGS, INC., a California corporation, WALEED MANSOUR, an individual.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk
111 North Hill Street Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
25STCV29062

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jessica S. Pliner One Embarcadero Center, Suite 1200 San Francisco, CA 94111 Tel: 415.843.5487

DATE: 10/3/2025 10/06/2025
*(Fecha)*

Clerk, by David W. Slayton, Executive Officer/Clerk of Court Y. Ayala, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: EINSTEIN BROS. BAGELS FRANCHISE CORPORATION, INC.

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1